The Pit. Declares That the Deft, was keeper of a Publick Rolling House Established by the Act of Assembly, and did Receive from the Pit. 4 Hhds. Tob’o of the Pits, to the value of 40£. to be safely kept & redelivered to the Pit. when required And that for want of care & by the Defts. Negligence the Tob’o was lost
The Deft, being an Infant appeared by his Guardian and Pleaded not Guilty And the Jury find a Special Verd’t to this Effect That the Deft, was keeper of a Rolling-house that had been a publick Rolling-House ab’t 30 years & did receive 4 Hhds Tob’o of the Pit. & that the Rolling-house was maliciously burnt by a Negro Woman of the Defts. whereof she was Convicted. That some part of the Tob’o might have been saved but the Deft, did not endeavour to do it, And the Jury conclude, that if the Deft, is by Law chargeable with the wilful burning of the House, then they find for the Pit. 22. 16. 1 p. Otherwise for the Deft.
The question left by the Jury to be del’d in point of Law depends upon the Construction of the Act of Assembly upon which the Action is grounded. And the words of the Act are “ That the Owner or keeper of such publick Rolling-House shall “ be liable to an Action at Common Law for any Tob’o Goods or Merchandizes which shall be lost [180] out of such Rolling House and for any Damage which shall or may happen to such Goods, Merchandizes or Tobacco during the time they shall be in Custody or under the care of such owner or keeper of a Roll’g House for want of due care or by the neglect of the Owner or Keeper of such .Rolling-house, his Servant or Servants, to the Owner or Owners of such Tob’o &c.
*R71 Now the Jury have found expressly a Negligence in the Deft, in this Case that some part of the Tob’o might have been saved But the Deft, did not endeavor to save it, Therefore by the words of the Act he must Answer for the value of the Tob’o to the Pit. But if that had been out of the V erd’t he must be liable to us for the Damages we have Sustained in the loss of this Tob’o clearly by the words of the Act.
The malicious burning of the House by one of his Serv’ts Her being Convicted of the Felony and Executed for it can make no difference in the Case, for if one of his Servants had Stole the Tob’o there wou’d have been malice and a Felony, yet no body will say that shou’d excuse the Master, because the Act expressly says that the Keeper of the Rolling-house Shall be liable to an Action for any Tob’o that shou’d be lost out of the House. Nay by these words he must be answerable if a Stranger shou’d break open the House and steal the Tob’o So I think the malice or Felony will not be Considered at all in excuse of the Deft.
For if a Servant burn a House out of malice to his Master there may be a fault in the Master, either in provoking the Servant by ill usage to do him such an Injury, or in keeping a Person of so Vicious and wicked Disposition about him
Besides the Law will construe it a want of care & Negligence of the Master not to keep a Person in or near the House that may upon Occasion be ready to prevent a fire, or to put it out. And if such a necessary Caution had been taken by the Deft, in this Case in all Probability the misfortune had not happened
But the Master is here made liable for the Acts of his Servant and it is reasonable it shou’d be so for it cannot be just that a Person who trusts his Goods to the care and Custody of the Owner of a publick Warehouse shou’d Suffer by the malice of his Servants or by their Negligence So it is at the Common Law
If any Servant burnt my House and by that means my Neighbours house is burnt I am liable to an Action for the Damage. 2. Rol. Abr. 2. pl. 3. Fitz. Action upon the Case 25. Brook 30.
[ 181] If I give a Servant Money to defray the Charges of my Housekeeping & he buys the Necessaries for my House, but keeps the money & does not pay the Tradesmen, I am chargeable, for the Master at his Peril ought to take care what Servant he *R72 employs and it is more reasonable he shou’d Suffer for the Cheats of his Servants than Strangers Fr Holt in Dr. Robert Waylands Case 3. Salk. 234. So in the Case of a Carrier If a Carrier takes Charge of Goods and is robbed he must Answer for them. 2. Mod. 270. Adjudged And a fortiori if he is robbed by his own Serv’ts he shall be liable
But there is another Question arising in this Case in respect of the Infancy of the Deft, for it appears by the Record that the Deft, is an Infant. The Case in 1. Rol. Abr. L. (D) pi. 3. will be mentioned Viz. If an Inn comes to an Infant and he keeps it and his Guests are robbed, no Action lies ag’t the Infant.
But there is this difference between that Case and this, In that the Action is given by Custom of the Kingdom, or by Common Law, and in this the Action is given by the Statute
Where an Act of Parliament gives an Action, Inf’ts 8c Feme Coverts shall be liable. It is a settled point Therefore if a Feme Covert or an Infant Lessee for Life commits Waste and the Lessor recovers in an Action of Wast, it shall bind the Infant & feme Covert, because the Stat. gives the Action 8. Co. 44. b. Wittinghams Case.
So if an Infant & Feme is Goaler and suffers an Escape upon Execution they Shall be answerable for the same Reason 2. Inst. 382. 8. Co. 446. And upon the whole matter I pray Judgm’t for the Pit.
But the Court gave Judgm’t for the Deft, because the Master is not Chargeable for the wilful wrong of his Servant. Vid. Jones & Nail 2. Salk. 411. Ward & Evans ibid. 442. something to this purpose.